**REISSUED FOR PUBLICATION**
MAY 26 2020
OSM
U.S.COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-478V
Filed: April 29, 2020
UNPUBLISHED

| | |
|---|---|
| ADINA SMALL,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | Special Master Horner<br><br>Attorneys' Fees and Costs Decision;<br>Prior Counsel |

*Adina Small*, the petitioner, acting pro se.
Lynn Christina Schlie, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On March 23, 2020, petitioner's former counsel filed an application for an award of final attorneys' fees and costs in the amount of $48,026.45. (ECF No. 76.)[2] In response, respondent indicated that respondent "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." (ECF No. 77.) However, respondent requested that the special master exercise his discretion to determine a reasonable award of attorneys' fees and costs. (*Id.* at 3.) For the reasons discussed below, I award petitioner $44,641.05 in final attorneys' fees and costs.

### I.      Procedural History

On May 11, 2015, petitioner, Adina Small, filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that she

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

[2] "ECF No." refers to the location of the cited document on the court's docket management system. *Pro se* petitioners do not ordinarily have access to this system.

1

suffered a Shoulder Injury Related to Vaccine Administration or "SIRVA" caused-in-fact by her February 12, 2013 influenza ("flu") vaccination.  (ECF No. 1.)  Initially the case was assigned to the Special Processing Unit under former Chief Special Master Vowell and later under then Chief Special Master Dorsey.  (ECF Nos. 4-5, 14.)  However, respondent filed a Rule 4(c) report recommending against compensation on September 15, 2015, and the case was subsequently transferred to Special Master Millman for further litigation.  (ECF Nos. 16, 27.)  The case was later reassigned to me on June 7, 2019, following Special Master Millman's retirement.  (ECF Nos. 52, 56.)

Upon review of this case I determined that a hearing was not required to resolve the issues presented by the parties and informed the parties on June 24, 2019, that in accordance with Vaccine Rule 8(d) I intended to issue a decision based on the written record.  (ECF No. 57.)  On November 1, 2019, I issued a decision dismissing petitioner's claim.  *Small v. Sec'y of Health & Human Servs.*, No. 15-478V, 2019 WL 6463985 (Fed. Cl. Spec. Mstr. Nov. 1, 2019).

Thereafter, on November 26, 2019, the clerk's office received a letter from petitioner expressing that she intended to represent herself and requesting that the letter be accepted for consideration in satisfaction of her filing deadline for a motion for review.  (ECF No. 63.)  Simultaneously, petitioner's attorney of record confirmed via e-mail communication that the Conway Homer firm intend to withdraw as counsel and that petitioner intend to proceed with a motion for review *pro se.*  (ECF No. 62.)  I issued an Order accepting petitioner's letter by my leave as a motion for review and granting counsel's request to withdraw.  (ECF No. 63.)  In my Order, I granted the Conway Homer firm limited standing for the purpose of filing and resolving any application for attorneys' fees and costs.  (*Id.*)

On January 27, 2020, the Court of Federal Claims denied petitioner's motion for review and directed the clerk of court to enter final judgment in this case.  *Small v. Sec'y of Health & Human Servs.*, No. 15-478V, 2020 WL 918799 (Fed. Cl. Jan. 27, 2020).  A judgment dismissing the case was entered the same day.  (ECF No. 73.)

On March 23, 2020, petitioner's former counsel filed a motion for leave to file an application for final[3] attorneys' fees and costs accompanied by a motion for an award of final attorneys' fees and costs.[4]  (ECF No. 76.)  Respondent filed a response to the

---

[3] Petitioner's counsel initially filed a motion for interim attorneys' fees and costs on February 2, 2016, due to an earlier anticipated withdrawal as counsel.  (ECF No. 21.)  Respondent filed a response to petitioner's motion for interim attorneys' fees and costs on February 18, 2016, arguing that petitioner did not establish a reasonable basis to bring her claim and objecting to an award of interim attorneys' fees and costs.  (ECF No. 23.)  On November 14, 2016, Special Master Millman issued a decision denying an award of interim attorneys' fees and costs, finding that it was prematurely filed because at that time, the case was not protracted, there were no expert costs, and petitioner's counsel no longer intended to withdraw.  *Small v. Sec'y of Health & Human Servs.*, No. 15-478V, 2016 WL 7176722 (Fed. Cl. Spec. Mstr. Nov. 14, 2016).

[4] In light of my November 26, 2019 order (ECF No. 63) in which I allowed counsel limited standing for purposes of filing an application for attorneys' fees and costs, counsel's motion for leave to file is actually moot.

2

motion for final attorneys' fees and costs on April 6, 2020.  (ECF No. 77.)  Petitioner's former counsel did not file a reply.  This matter is now ripe for consideration.

## II.     Discussion

Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and other costs."  § 300aa–15(e)(1)(A)–(B).  Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).  In his response, respondent indicated that he is satisfied this statutory standard has been met in this case.  (ECF No. 77, p. 2.)  I agree.

The determination of the amount of reasonable attorneys' fees is within the special master's discretion.  *See, e.g. Saxton v. Sec'y of Health & Human Servs.,* 3 F.3d 1517, 1520 (Fed. Cir. 1993).  Special masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs."  *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (Fed. Cl 1991.)  Moreover, special masters are entitled to rely on their own experience and understanding of the issues raised. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (Fed. Cl. 1991) *aff'd in relevant part,* 988 F.2d 131 (Fed.Cir.1993) (per curiam).

Petitioner is seeking final attorneys' fees of $48,026.45, representing $47,175.20 in attorneys' fees and $736.50 in attorneys' costs, and petitioner's personal costs of $114.75.  I have reviewed the billing records submitted with petitioner's prior counsel's request, and in my experience, the hourly rates billed for attorney time[5] and paralegal time are all reasonable and also in accord with prior awards made by other special masters.  Additionally, the requested attorneys' costs and petitioner's personal costs are supported by documentation and are all reasonable.

However, turning to the hours billed, special masters have previously reduced the fees paid to petitioners due to excessive and duplicative billing.  *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016).  Additionally, special masters have previously found it reasonable to reduce the fees paid to petitioners due to billing for intra-office communication.  *Soto v. Sec'y of Health & Human Servs.*, No. 09-897V, 2011 WL 2269423, at *6 (Fed. Cl. Spec. Mstr. June 7, 2011); *Carcamo v. Sec'y of Health & Human Servs.,* No. 97-483V, 2011 WL 2413345, at *7 (Fed. Cl. Spec. Mstr. May 20, 2011).  Moreover, special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees

---

[5] The Conway Firm attorneys billed the previously awarded 2019 hourly rates for work performed in 2020.

accordingly.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).

After reviewing the billing records, I find that counsel included entries that are duplicative and excessive due to attorneys and paralegals billing for attending the same case meetings/conferences, communicating with each other regarding the same matters, and reviewing/receiving the same orders.[6]  These duplicative billing entries result in a **reduction of $3,385.40** of the final fee award.[7]

### III.  Conclusion

Accordingly, in light of my Order granting the Conway Homer firm limited standing for the purpose of filing and resolving any application for attorneys' fees and costs, petitioner's motion for leave to file is hereby found as **MOOT**.  Petitioner's motion for an award of final attorneys' fees and costs is hereby **GRANTED** and petitioner is awarded attorneys' fees and costs in the reduced amount of $44,641.05, representing, $43,789.80 in attorneys' fees, $736.50 in attorneys' costs, and $114.75 in petitioner's costs.

---

[6] Of note, although no additional reduction was made specifically for the inefficiency created due to having *six* different attorneys working on and billing for this case, counsel is cautioned that this creates duplicative and excessive entries and such a reduction may be made in the future.

[7] For Ms. Ciampolillo, 6.10 hours were reduced from her overall billing, resulting in a reduction of **$1,971.30**, for entries billed on December 31, 2014, March 8, 2016,  May 24, 2016, June 15, 2016, July 18, 2016, August 4, 2016, October 13, 2016, October 19, 2016, April 27, 2017, August 22, 2017, October 4, 2017, September 18, 2018, November 20, 2019, November 26, 2019, November 27, 2019, December 13, 2019, December 17, 2019, February 19, 2020, and March 12, 2020.  For Mr. Homer, 2.20 hours were reduced from his overall billing, resulting in a reduction of **$907.60,** for entries billed on August 26, 2015, August 28, 2015, February 17, 2016, February 19, 2016, February 26, 2016, May 17, 2016, June 30, 2016, October 13, 2016, May 10, 2017, June 15, 2017, September 27, 2017, November 3, 2017, September 7, 2018, November 26, 2019, and November 27, 2019.  For Ms. Daniels, 1 hour was reduced from her overall billing, resulting in a reduction of **$280.00**, for entries billed on September 17, 2015, November 5, 2015, December 8, 2015, January 13, 2016, February 24, 2016, and May 17, 2016.  For paralegal work, 0.80 hour were reduced from the overall billing, resulting in a reduction of **$113.00**, for entries billed on January 13, 2015, January 26, 2016, November 26, 2019, December 16, 2019, and February 20, 2020.  For Mr. Conway, 0.20 hour were reduced from his overall billing, resulting in a reduction of **$83.00** for an entry billed on March 20, 2015.  For Mr. Pepper, 0.10 hour were reduced from his overall billing, resulting in a reduction of **$30.50** for an entry billed on February 1, 2018.

**Accordingly, I award a total of $44,641.05[8] as follows:**

- **A lump sum of $144.75 in the form of a check payable to petitioner;[9] and**

- **A lump sum of $44,526.30 in the form of a check jointly payable to petitioner and her former counsel, Ronald Craig Homer, Esq.[10]**

The clerk of the court shall enter judgment in accordance herewith.[11] Additionally, the clerk is directed to provide a courtesy copy of this decision to petitioner's former counsel, Ronald Craig Homer.

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[8] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charged by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, §15(e)(3) of the Vaccine Act prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F2d 1029 (Fed. Cir. 1991).

[9] This check shall be mailed to petitioner.

[10] This check shall be mailed to petitioner's former counsel at Conway, Homer, P.C., 16 Shawmut Street, Boston, MA, 02116.

[11] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.